IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

November 2, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

KEVIN R. WAGNER and          )    KNOX CIRCUIT
PEGGY A. WAGNER,             )    C.A. NO. 03A01-9805-CV-00159
                             )
        Plaintiffs-Appellees )
                             )
                             )
                             )
                             )
                             )
vs.                          )    HON. WHEELER ROSENBALM
                             )    JUDGE
                             )
                             )
                             )
                             )
                             )
TABOR CONSTRUCTION, INC.,    )    AFFIRMED AND REMANDED
                             )
        Defendant-Appellant  )
and                          )
                             )
JOHN TABOR, D/B/A TABOR CON- )
CONSTRUCTION COMPANY,        )
                             )
        Defendant           )


THOMAS R. HENLEY, Knoxville, for Appellant, Tabor Construction
Company.


BRENT R. WATSON, Knoxville, for Appellee, Kevin R. Wagner.

<u>O P I N I O N</u>

McMurray, J.

The facts of this case are relative simple.  The plaintiffs contracted to purchase a house from the defendant.[1]  When the house was complete, excepting some "punch list items" the parties entered into a second contract.  By the terms of the second contract, the defendant was to place $5,000.00 in escrow with the monies to be used toward the completion of the "punch list" items.  Part of the work was completed on the "punch list" items.

Plaintiffs filed this action alleging breach of the sales contract and failure to complete the "punch list" and breach of the escrow agreement.  The defendant answered and filed a counterclaim (designated as a cross-complaint).  In the counterclaim, the defendant alleged that all work had been completed and sought judgment for the balance held in the escrow account and for other work and materials for which, allegedly, the defendant had not been paid.  An answer to the counterclaim was filed and the case was heard by the court at a bench trial.

---

[1]By agreed order, John Tabor was dismissed as a party.

The court resolved the issues in favor of the original plaintiffs and awarded judgment in their favor and against the appellant for $7,686.09 and dismissed the counterclaim. This appeal resulted.

The appellant presents a single issue for our review: Whether the trial court erred in awarding damages above the balance in escrow. Upon consideration, we think not and affirm the judgment of the trial court.

The appellant argues that the escrow agreement discharges and replaces the real estate sales contract. It further argues that the escrow agreement placed a monetary limit on defendant-appellant-builder's liability. While it may be persuasively argued that the escrow agreement did, in fact, replace the real estate sales contract, it is not significant relative to the issue before us. The escrow agreement provides in pertinent part as follows:

> The seller/builder herewith deposits with the Escrow Agent, and the Escrow Agent hereby acknowledges receipt of the sum of five thousand and 00/100 ($5,000.00). Said sum is the total to complete improvements and the anticipated inspection fee. Said [illegible] shall be held by Escrow Agent and disbursed when the seller/builder completes all the said improvements and the property has been inspected by the buyer. At which time he/she is to notify Escrow Agent in writing to release the escrow to the seller/builder. ...

3

*   *   *   *

2.  The seller/builder agrees to pay for all labor and material necessary to complete the work and improvements.

3.  The seller/builder agrees that he/she is personally liable for the satisfactory completion of the work free and clear of all liens.

*   *   *   *

We first note that no statement of or transcript of the evidence was filed.

> Where the issues raised go to the evidence, there must be a transcript. In the absence of a transcript of the evidence, there is a conclusive presumption that there was sufficient evidence before the trial court to support its judgment, and this Court must therefore affirm the judgment.
>
> Coakley v. Daniels, 840 S.W.2d 367, 370 (Tenn. App. 1992). See also Word v. Word, 937 S.W.2d 931, 932 (Tenn. App. 1996); Sherrod v. Wix, 849 S.W.2d 780, 783 (Tenn. App. 1992); Irvin v. City of Clarksville, 767 S.W.2d 649, 653 (Tenn. App. 1988).

We must therefore indulge in a conclusive presumption that the evidence preponderates in favor of the trial court's findings of fact.  It is only necessary for us to determine whether the escrow agreement limited the appellant's liability.

> Contract interpretation is a question of law, and our review is therefore de novo upon the record with no presumption of correctness attached to the trial court's interpretation. Tenn.R.App.P. 13(d); Gredig v. Tennessee

4

> Farmers Mut. Ins. Co., 891 S.W.2d 909, 912 (Tenn. App.
> 1994). If, however, the contract contains ambiguity which
> necessitates looking to extrinsic evidence to determine
> the intention of the parties, then the court's factual
> findings are presumed correct unless the evidence
> preponderates otherwise. See Tenn. R. App. P. 13(d);
> APAC-Tennessee, Inc. v. J.M. Humphries Constr. Co., 732
> S.W.2d 601, 604 (Tenn. App. 1986); Southern Ry. Employees
> Credit Union v. Thornburg, 680 S.W.2d 791, 792 (Tenn.
> App. 1984).

Crews v. Dexter Rd. Ptnrs., 1998 Tenn. App. LEXIS 66.

The cardinal rule for interpretation of contracts is to ascertain the intention of the parties from the contract as a whole and to give effect to that intention consistent with legal principles. Winfree v. Educators Credit Union, 900 S.W.2d 285, 289 (Tenn. App. 1995); Rainey v. Stansell, 836 S.W.2d 117, 118 (Tenn. App. 1992).

In our view the provisions of the escrow agreement that we have quoted create a latent ambiguity which can only be resolved by resorting to extrinsic evidence to ascertain the intention of the parties. Therefore, without a transcript of the evidence, we must conclusively presume that the evidence supports the judgment of the trial court.

We affirm the judgment of the trial court in all respects. Costs are assessed to the appellant. This case is remanded to the

trial court for such other and further action as may be necessary for enforcement of the judgment.

_____
Don T. McMurray, Judge

CONCUR:

_____
Houston M. Goddard, Presiding Judge

_____
William H. Inman, Senior Judge

6

IN THE COURT OF APPEALS
AT KNOXVILLE

| | | |
|---|---|---|
| KEVIN R. WAGNER and<br>PEGGY A. WAGNER, | ) | KNOX CIRCUIT<br>C.A. NO. 03A01-9805-CV-00159 |
| | ) | |
| Plaintiffs-Appellees | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | HON. WHEELER ROSENBALM |
| | ) | JUDGE |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| TABOR CONSTRUCTION, INC., | ) | AFFIRMED AND REMANDED |
| | ) | |
| Defendant-Appellant | ) | |
| and | ) | |
| | ) | |
| JOHN TABOR, D/B/A TABOR CON-<br>CONSTRUCTION COMPANY, | ) | |
| | ) | |
| Defendant | ) | |

**JUDGMENT**

This appeal came on to be heard upon the record from the Circuit Court of Knox County, briefs and argument of counsel. Upon consideration thereof, this Court is of the opinion that there was no reversible error in the trial court.

1

We affirm the judgment of the trial court in all respects. Costs are assessed to the appellant. This case is remanded to the trial court for such other and further action as may be necessary for enforcement of the judgment.


PER CURIAM